RENDERED: MARCH 29, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0260-MR

HOLLIE JACKSON, AS
ADMINISTRATOR OF THE ESTATE
OF EMMA HAYES, DECEASED,
AND ON BEHALF OF THE
WRONGFUL DEATH
BENEFICIARIES OF EMMA HAYES                                      APPELLANT

v.                          APPEAL FROM GRAVES CIRCUIT COURT
                            HONORABLE KEVIN D. BISHOP, JUDGE
                            ACTION NO. 21-CI-00367

MAYFIELD KY OPCO, LLC D/B/A
MAYFIELD HEALTH AND
REHABILITATION; CLEARVIEW
HEALTHCARE MANAGEMENT KY,
LLC D/B/A CLEARVIEW
HEALTHCARE MANAGEMENT;
CRYSTAL JANES; HUGHES ASH;
SUSAN ALLEN, RN; AND THE
PORTOPICCOLO GROUP, LLC                                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, KAREM, AND McNEILL, JUDGES.

KAREM, JUDGE:  Appellant appeals from the Graves Circuit Court's order granting summary judgment in favor of Appellees based on statutory immunity under Kentucky Revised Statute ("KRS") 39A.275.  Appellant argues that the circuit court erred because Appellees failed to prove Appellant's claims were "COVID-19 claims" as defined in the statute.  Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Emma Hayes was admitted to the Mayfield Health and Rehabilitation ("MHR") nursing home in February 2018.  Ms. Hayes required assistance with daily activities and medical treatment, as she had a history of congestive heart failure, non-Alzheimer's dementia, chronic obstructive pulmonary disease ("COPD"), diabetes, and seizures.

On November 26, 2020, Ms. Hayes tested positive for COVID-19, and MHR staff transferred her to the COVID-19 unit within MHR that same day.  On December 2, 2020, medical staff ordered an x-ray due to her cough and congestion.  The results showed no acute cardiopulmonary disease.  Ms. Hayes' physician ordered increased monitoring, including checking her pulse oximetry three times a day for thirty (30) days and additional medications.

On December 3, 2020, one week after her positive test, Ms. Hayes was discovered at 8:47 a.m. to be unarousable and unable to take her medication. At 9:51 a.m., vitals showed she was not hypoxic, and her oxygen saturation was 98%. Additionally, Ms. Hayes's respiratory rate was within normal limits, and her temperature was 97.8.

Approximately five (5) hours later, at 1:45 p.m., MHR staff documented that they could not arouse Ms. Hayes. Ms. Hayes's oxygen saturation had dropped to 87%, her temperature had increased to 99.6, and she was bradycardic, with her heart rate falling to 44 beats per minute. At that point, she was transferred to Jackson Purchase Medical Center.

Upon arrival at the medical center, Ms. Hayes presented as "COVID-19 positive." She was in respiratory distress, and Dr. Nannette McCullough performed an intubation. Despite such efforts, Ms. Hayes was pronounced dead at 3:40 p.m. The Graves County Coroner signed her death certificate, which stated that Ms. Hayes died at age 88 due to acute respiratory distress, congestive heart failure, COPD, and COVID-19. To confirm the cause of death, the Graves County Coroner, Brad Jones, reviewed documents from the Jackson Purchase Medical Center and spoke with Dr. McCullough.

On November 9, 2021, Appellant filed suit against Appellees, alleging negligence, medical negligence, Long-Term Care Residents' Rights Act violations,

common law fraud, breach of fiduciary duty, and wrongful death. Appellant also alleged that Appellees were grossly negligent, and that Appellant was entitled to punitive damages.

On February 16, 2023, the Graves Circuit Court granted Appellees' motion for summary judgment, finding Appellees immune from suit under KRS 39A.275 because Ms. Hayes died, at least in part, from COVID-19. This appeal followed.

## ANALYSIS

### 1. Standard of Review

"The standard of review on appeal of summary judgment is whether the trial court correctly found there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Carter v. Smith*, 366 S.W.3d 414, 419 (Ky. 2012) (citation omitted). Moreover, "[t]he party opposing summary judgment cannot rely on their own claims or arguments without significant evidence in order to prevent a summary judgment." *Wymer v. JH Properties, Inc.*, 50 S.W.3d 195, 199 (Ky. 2001). "[A] party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 482 (Ky. 1991) (citations omitted).

Further, "[t]he decision of whether immunity applies in a given situation involves the determination of the material facts; however, the question of immunity is one of law and is to be determined by the trial court." *Norton Hospitals, Inc. v. Peyton*, 381 S.W.3d 286, 290 (Ky. 2012) (citations omitted). "Because immunity is designed to relieve a defendant from the burdens of litigation, it is obvious that a defendant should be able to invoke [an immunity statute] at the earliest stage of the proceeding." *Rodgers v. Commonwealth*, 285 S.W.3d 740, 755 (Ky. 2009).

## 2. Discussion

In response to the statewide COVID-19 emergency, the General Assembly passed Senate Bill 5 in April 2021, adding to KRS Chapter 39A, "Statewide Emergency Management Programs." Under KRS 39A.275[1] (8)(a), "[a]ny essential service provider during the declared emergency of the COVID-19 pandemic shall not be liable for any COVID-19 claim."

Under the statute, "essential service providers" include "health care providers." KRS 39A.275(9)(b). Additionally, a "COVID-19 claim" is "any claim or cause of action for an act or omission arising from COVID-19 that accrued on or

---

[1] The General Assembly repealed KRS 39A.275 by enacting Senate Bill 5, which became effective without the Governor's signature on December 31, 2023. Senate Bill 5 includes the following provision: "[a]ny causes of action that are prohibited . . . under this Act will remain so after its repeal."

after the date the emergency was declared on March 6, 2020, and until the emergency declaration is withdrawn, revoked, or lapses[.]" KRS 39A.275(1)(c) "Arising from COVID-19" is defined as:

> an injury or harm that allegedly occurred on or after the emergency was declared on March 6, 2020, and until the emergency declaration is withdrawn, revoked, or lapses, caused by or resulting from:
>
> 1. The actual, alleged, or possible exposure to, transmission of, or contraction of COVID-19;
>
> 2. Services, treatment, or other action performed to limit or prevent the spread of COVID-19; or
>
> 3. Services performed by an entity outside the normal course of its business in response to COVID-19[.]

KRS 39A.275(1)(a). However, no immunity applies for an act or omission involving "gross negligence, or wanton, willful, malicious, or intentional misconduct." KRS 39A.275(3).

Thus, the statutory language is quite broad, applying to any injury arising after March 6, 2020. The main issue is whether the alleged harm was caused by or resulted from COVID-19. KRS 39A.275(1)(a). Moreover, the statute does not require the actual contraction of COVID-19. Rather, even the "alleged" or "possible exposure" to, transmission of, or contraction of COVID-19 is sufficient to trigger immunity under KRS 39A.275(1)(a)1.

In this case, Appellant does not dispute that the Appellees were "health care providers" and thus "essential service providers." KRS 39A.275(8)(a) and (9)(b). Moreover, Appellants have not disputed that Ms. Hayes contracted COVID-19 shortly before her death, and that COVID-19 was listed on both Ms. Hayes's death certificate and the Graves County Coroner's affidavit as a cause of death.

While Appellant produced an affidavit from Dr. David E. Mansfield, M.D., the affidavit only states that COVID-19 was not a "substantial factor" in causing Ms. Hayes's death. However, as previously discussed, the language of KRS 39A.275 does not require COVID-19 to be a substantial factor. It does not even require actual contraction of COVID-19, but merely the "alleged" or "possible" exposure. KRS 39A.275 (1)(a)1.

Nor does Dr. Mansfield's affidavit provide evidence sufficient to prove that Appellees were grossly negligent, for which there is no immunity to suit. Appellant does not explain how Dr. Mansfield's affidavit provides proof, as it merely contains a conclusory statement.

Because COVID-19 was unquestionably a factor in Ms. Hayes's medical history the week before her death, Appellees are entitled to the statutory immunity granted under KRS 39A.275.

## **CONCLUSION**

For the foregoing reasons, we affirm the Graves Circuit Court's order.


ALL CONCUR.


BRIEFS FOR APPELLANT:        BRIEF FOR APPELLEES:

Jacques G. Balette           A. Pete Pullen
Juliette B. Symons           Shem D. Beard
Lexington, Kentucky         Louisville, Kentucky